# EXHIBIT B

# Supreme Court of Pennsylvania

## Court of Common Pleas
## Civil Cover Sheet

_______________ County

| *For Prothonotary Use Only:* | |
|---|---|
| Docket No: | |

*The information collected on this form is used solely for court administration purposes. This form does not supplement or replace the filing and service of pleadings or other papers as required by law or rules of court.*

**SECTION A**

**Commencement of Action:**
- [x] Complaint
- [ ] Writ of Summons
- [ ] Petition
- [ ] Transfer from Another Jurisdiction
- [ ] Declaration of Taking

| Lead Plaintiff's Name: Mironda Presswood | Lead Defendant's Name: Borough of Yeadon |
|---|---|
| **Are money damages requested?** [x] Yes [ ] No | Dollar Amount Requested: (check one) [ ] within arbitration limits [x] outside arbitration limits |
| **Is this a *Class Action Suit*?** [ ] Yes [x] No | **Is this an *MDJ Appeal*?** [ ] Yes [x] No |

Name of Plaintiff/Appellant's Attorney: Eva C. Zelson, Esq.

[ ] Check here if you have no attorney (are a Self-Represented [Pro Se] Litigant)

**SECTION B**

**Nature of the Case:** Place an "X" to the left of the **ONE** case category that most accurately describes your ***PRIMARY CASE.*** If you are making more than one type of claim, check the one that you consider most important.

**TORT** *(do not include Mass Tort)*
- [ ] Intentional
- [ ] Malicious Prosecution
- [ ] Motor Vehicle
- [ ] Nuisance
- [ ] Premises Liability
- [ ] Product Liability *(does not include mass tort)*
- [ ] Slander/Libel/ Defamation
- [ ] Other:

**MASS TORT**
- [ ] Asbestos
- [ ] Tobacco
- [ ] Toxic Tort - DES
- [ ] Toxic Tort - Implant
- [ ] Toxic Waste
- [ ] Other:

**PROFESSIONAL LIABLITY**
- [ ] Dental
- [ ] Legal
- [ ] Medical
- [ ] Other Professional:

**CONTRACT** *(do not include Judgments)*
- [ ] Buyer Plaintiff
- [ ] Debt Collection: Credit Card
- [ ] Debt Collection: Other
- [x] Employment Dispute: Discrimination
- [ ] Employment Dispute: Other
- [ ] Other:

**REAL PROPERTY**
- [ ] Ejectment
- [ ] Eminent Domain/Condemnation
- [ ] Ground Rent
- [ ] Landlord/Tenant Dispute
- [ ] Mortgage Foreclosure: Residential
- [ ] Mortgage Foreclosure: Commercial
- [ ] Partition
- [ ] Quiet Title
- [ ] Other:

**CIVIL APPEALS**

Administrative Agencies
- [ ] Board of Assessment
- [ ] Board of Elections
- [ ] Dept. of Transportation
- [ ] Statutory Appeal: Other
- [ ] Zoning Board
- [ ] Other:

**MISCELLANEOUS**
- [ ] Common Law/Statutory Arbitration
- [ ] Declaratory Judgment
- [ ] Mandamus
- [ ] Non-Domestic Relations Restraining Order
- [ ] Quo Warranto
- [ ] Replevin
- [ ] Other:

# NOTICE

**Pennsylvania Rule of Civil Procedure 205.5. (Cover Sheet) provides, in part:**

**Rule 205.5. Cover Sheet**

(a)(1) This rule shall apply to all actions governed by the rules of civil procedure except the following:

(i) actions pursuant to the Protection from Abuse Act, Rules 1901 et seq.

(ii) actions for support, Rules 1910.1 et seq.

(iii) actions for custody, partial custody and visitation of minor children, Rules 1915.1 et seq.

(iv) actions for divorce or annulment of marriage, Rules 1920.1 et seq.

(v) actions in domestic relations generally, including paternity actions, Rules 1930.1 et seq.

(vi) voluntary mediation in custody actions, Rules 1940.1 et seq.

(2) At the commencement of any action, the party initiating the action shall complete the cover sheet set forth in subdivision (e) and file it with the prothonotary.

(b) The prothonotary shall not accept a filing commencing an action without a completed cover sheet.

(c) The prothonotary shall assist a party appearing pro se in the completion of the form.

(d) A judicial district which has implemented an electronic filing system pursuant to Rule 205.4 and has promulgated those procedures pursuant to Rule 239.9 shall be exempt from the provisions of this rule.

(e) The Court Administrator of Pennsylvania, in conjunction with the Civil Procedural Rules Committee, shall design and publish the cover sheet. The latest version of the form shall be published on the website of the Administrative Office of Pennsylvania Courts at www.pacourts.us.

IN THE COURT OF COMMON PLEAS OF DELAWARE COUNTY PENNSYLVANIA

CIVIL ACTION-LAW

Mironda Presswood

NO. CV-2023-008300

vs.

Borough of Yeadon et al.

**NOTICE TO DEFEND**

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by an attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

**YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER. IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGBLE PERSONS AT A REDUCED FEE OR NO FEE.**

LAWYER REFERRAL SERVICE
FRONT AND LEMON STREETS
MEDIA, PA 19063
610-566-6625

ZEFF LAW FIRM, LLC
Gregg L. Zeff, Esquire #52648
Eva C. Zelson, Esquire #320699
Derek J. Demeri, Esquire #329026
100 Century Parkway, Suite 160
Mount Laurel, NJ 08054
(856)778-9700 (T)
(856)702-6640 (F)
ezelson@glzefflaw.com

*Attorneys for Plaintiff*

**IN THE COURT OF COMMON PLEAS**
**DELAWARE COUNTY**

| | |
|---|---|
| Ms. Mironda Presswood<br>219 Ridley Drive<br>Wallingford, PA 19086<br><br>*Plaintiff,*<br><br>v.<br><br>Borough of Yeadon<br>600 Church Lane<br>Yeadon, PA 19050<br><br>AND<br><br>NJN & Associates, LLC<br>812 Quinn Court<br>New Castle, DE 19720<br><br>*Defendants.* | CIVIL ACTION NO.: CV-2023-008300<br><br>COMPLAINT AND JURY DEMAND |

**CIVIL ACTION**

Plaintiff, Ms. Mironda Presswood, by and through her attorneys, brings this civil matter against Defendants Borough of Yeadon and NJN & Associates alleging she was subjected to unlawful violations of Title VII of the Civil Rights Act of 1964 ("Title VII"), the Pennsylvania Human Relations Act ("PHRA"), the Equal Pay Act of 1963 (the "EPA") and 42 U.S.C. §1981, and avers and alleges as follows:

CV-2023-008300

## THE PARTIES

1. Plaintiff Mironda Presswood (hereinafter "Plaintiff") is an African-American woman.
2. Plaintiff resides at the above-captioned address.
3. Defendant Borough of Yeadon (hereinafter "Defendant Yeadon") is a municipality located at the above-captioned address.
4. Defendant NJN & Associates, LLC (hereinafter "Defendant NJN") is a corporation located at the above-captioned address.
5. Plaintiff was jointly employed by Defendants and worked at the above-listed Yeadon, Pennsylvania address from June 2018 until her termination on January 3, 2022.
6. At all times relevant hereto, Defendants acted by and through their agents, servants, and employees, each of whom acted within the scope of his or her jobs responsibilities.

## JURSIDICTION AND VENUE

7. The foregoing paragraphs are incorporated by reference herein as if the same were set forth at length.
8. The Court may properly maintain personal jurisdiction over Defendants because the Defendants' contacts with this state and this judicial district are sufficient for the exercise of jurisdiction and comply with traditional notions of fair play and substantial justice, thus satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.
9. Defendant Yeadon is located in this judicial district and Defendant NJN did significant business with this judicial district, and all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

10. The foregoing paragraphs are incorporated by reference herein as if the same were set forth at length.
11. Plaintiff exhausted her administrative remedies under Title VII and the PHRA. Butterbaugh v. Chertoff, 479 F. Supp. 2d 485 (W.D. Pa. 2007).

REFILED 10/20/2023 JPO



FILED
10-20-2023 11:26 AM
OFFICE OF JUDICIAL SUPPORT
DELAWARE COUNTY, PA

12. On or around June 20, 2022, Plaintiff filed a timely written Charge of Discrimination (the "Charge") against Defendants with the Equal Employment Opportunity Commission ("EEOC") alleging retaliation as well as gender and race discrimination.
13. The Charge was duly filed with the Pennsylvania Human Relations Commission ("PHRC").
14. Plaintiff received a Notice of Right to Sue relative to the Charge, on July 26, 2023.
15. Plaintiff files the instant Complaint within ninety (90) days of her receipt of the Notice of Right to Sue letter relative the Charge.

## FACTUAL SUMMARY

16. The allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.
17. Plaintiff began working for Defendant Yeadon in or around June 2018 as an Assistant Borough Manager.
18. In or around June 2019, Plaintiff became jointly employed by Defendant NJN.
19. In or around June 2019, Plaintiff was promoted to the position of Borough Manager.
20. During the entirety of her employment, Plaintiff was qualified for her position and performed well.
21. Beginning in or around June 2019 and continuing through the end of her employment, Plaintiff was frequently subjected to harassing comments on the basis of her race and sex.
22. The comments were made by supervisory employees within Defendant Yeadon.
23. Though Defendant NJN was aware of the harassment, it did not take any steps to correct it.
24. On December 29, 2021, Learin Johnson, who was sworn in as Vice President of the Council of Defendant Borough on January 3, 2022, falsely claimed to Plaintiff that a man normally held the position of Borough Manager. Learin Johnson further implied that a man should hold Plaintiff's position.
25. Plaintiff reasonably believed these comments were discriminatory on the basis of sex and/or gender.
26. Plaintiff made a complaint of discrimination to both Defendants.

27. Only days later, on January 3, 2022, Defendants terminated Plaintiff's employment.
28. Plaintiff was thereafter replaced by a male employee with fewer qualifications.
29. The male employee was required to perform the exact same work that Plaintiff did.
30. The male employee was paid a significantly higher salary than Plaintiff had been paid.

**COUNT I – RETALIATION**
***Plaintiff v. Defendant Yeadon and Defendant NJN***
**TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED**

31. Plaintiff incorporates by reference each allegation contained in the preceding paragraphs as if the same were set forth more fully at length herein.
32. Plaintiff engaged in activity protected by Title VII.
33. Plaintiff complained of sex and/or gender discrimination.
34. Thereafter, Defendants took adverse employment actions against Plaintiff, including, but not limited to, terminating her.
35. There exists a causal connection between Plaintiff's participation of the protected activity and the adverse employment actions.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

**COUNT II- RETALIATION**
***Plaintiff v. Defendant Yeadon and Defendant NJN***
**THE PENNSYLVANIA HUMAN RELATIONS ACT**

36. Plaintiff incorporates by reference each allegation contained in the preceding paragraphs as if the same were set forth more fully at length herein.
37. Plaintiff engaged in activity protected by the Pennsylvania Human Relations Act.
38. Plaintiff complained of sex and/or gender discrimination.
39. Thereafter, Defendants took adverse employment actions against Plaintiff, including, but not limited to, denying her a promotion, demoting her and constructively terminating her.
40. There exists a causal connection between Plaintiff's participation of the protected activity and the adverse employment actions.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

**COUNT III - SEX DISCRIMINATION – DISPARATE TREATMENT**
***Plaintiff v. Defendant Yeadon and Defendant NJN***
**TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED**

41. Plaintiff incorporates by reference each allegation contained in the preceding paragraphs as if the same were set forth more fully at length herein.
42. Plaintiff is a member of protected classes in that she is female.
43. Plaintiff was qualified to perform the job for which she was hired.
44. Plaintiff suffered adverse job actions, including, but not limited to, termination.
45. Circumstances exist related to the above cited adverse employment actions that give rise to an inference of discrimination.
46. Defendants discriminated against Plaintiff on the basis of race.
47. No legitimate, non-discriminatory reasons exist for the above cited adverse employment actions that Plaintiff suffered.
48. The reasons cited by Defendants for the above cited adverse employment actions that Plaintiff suffered are pretext for discrimination.

**WHEREFORE,** Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

**COUNT IV – GENDER DISCRIMINATION – DISPARATE TREATMENT**
***Plaintiff v. Defendant Yeadon and Defendant NJN***
**THE PENNSYLVANIA HUMAN RELATIONS ACT**

49. Plaintiff incorporates by reference each allegation contained in the preceding paragraphs as if the same were set forth more fully at length herein.
50. The foregoing conduct by Defendants constitutes unlawful discrimination against Plaintiff on the basis of her race.
51. As a result of Defendants' unlawful gender discrimination, Plaintiff has suffered damages as set forth herein.

**WHEREFORE,** Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

**COUNT V – RACE DISCRIMINATION – HOSTILE WORK ENVIRONMENT**
***Plaintiff v. Defendant Yeadon and Defendant NJN***

**TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED**

52. Plaintiff incorporates by reference each allegation contained in the preceding paragraphs as if the same were set forth more fully at length herein.
53. Defendants created a hostile work environment for Plaintiff on the basis of her race, as described in preceding paragraphs.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

**COUNT VI- RACE DISCRIMINATION- HOSTILE WORK ENVIRONMENT**
***Plaintiff v. Defendant Yeadon and Defendant NJN***
**THE PENNSYLVANIA HUMAN RELATIONS ACT**

54. Plaintiff incorporates by reference each allegation contained in the preceding paragraphs as if the same were set forth more fully at length herein.
55. Defendants created a hostile work environment for Plaintiff on the basis of her race, as described in preceding paragraphs.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

**COUNT VII – SEX DISCRIMINATION – HOSTILE WORK ENVIRONMENT**
***Plaintiff v. Defendant Yeadon and Defendant NJN***
**TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED**

56. Plaintiff incorporates by reference each allegation contained in the preceding paragraphs as if the same were set forth more fully at length herein.
57. Defendants created a hostile work environment for Plaintiff on the basis of her sex, as described in preceding paragraphs.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

**COUNT VIII- GENDER DISCRIMINATION- HOSTILE WORK ENVIRONMENT**
***Plaintiff v. Defendant Yeadon and Defendant NJN***
**THE PENNSYLVANIA HUMAN RELATIONS ACT**

58. Plaintiff incorporates by reference each allegation contained in the preceding paragraphs as if the same were set forth more fully at length herein.
59. Defendants created a hostile work environment for Plaintiff on the basis of her gender, as described in preceding paragraphs.

**WHEREFORE,** Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

**COUNT IX—RACE DISCRIMINATION—HOSTILE WORK ENVIRONMENT**
***Plaintiff v. Defendant Yeadon and Defendant NJN***
**42 U.S.C. § 1981**

60. Plaintiff incorporates by reference each allegation contained in the preceding paragraphs as if the same were set forth more fully at length herein.
61. At all times relevant herein, Plaintiff maintained or sought to maintain a contractual relationship with Defendants.
62. At all times relevant herein, Defendants acted by and through its agents, servants, and employees to intentionally discriminate against Plaintiff as a result of her race (African-American) and thereby deny her the benefits of the contractual relationship she had entered or sought to enter with Defendants.
63. Defendant's discriminatory conduct included, but was not limited to, subjecting Plaintiff to racial harassment.
64. Plaintiff has suffered damages as a result of Defendants' unlawful actions.

**WHEREFORE,** Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

**COUNT X—PAY DISCRIMINATION**
***Plaintiff v. Defendant Yeadon***
**THE EQUAL PAY ACT, 29 U.S.C. §206(d)**

65. Plaintiff incorporates by reference each allegation contained in the preceding paragraphs as if the same were set forth more fully at length herein.
66. In violation of the EPA, Defendant paid Plaintiff a lower rate due to her sex.

67. Defendant had no legitimate, non-discriminatory reason for its actions.

68. Plaintiff has suffered damages as a result of Defendant's unlawful actions.

**WHEREFORE,** Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff, Mironda Presswood, requests that the Court grant her the following relief against Defendants:

(a) Damages for past and future monetary losses as a result of Defendants' unlawful discrimination and retaliation;

(b) Compensatory damages;

(c) Punitive damages;

(d) Liquidated damages;

(e) Emotional pain and suffering;

(f) Reasonable attorneys' fees;

(g) Recoverable costs;

(h) Pre and post judgment interest;

(i) An allowance to compensate for negative tax consequences;

(j) A permanent injunction enjoining Defendants, their directors, officers, employees, agents, successors, heirs and assigns, and all persons in active concert or participation with them, from engaging in, ratifying, or refusing to correct, employment practices which discriminate in violation of Title VII, the PHRA, the EPA and Section 1981.

(k) Order Defendants to remove and expunge, or to cause to be removed and expunged, all negative, discriminatory, and/or defamatory memoranda and documentation from Plaintiff's record of employment, including, but not limited, the pre-textual reasons cited for her adverse actions, disciplines, and termination; and

(l) Awarding extraordinary, equitable and/or injunctive relief as permitted by law, equity and the statutory provisions sued hereunder.

**ZEFF LAW FIRM, LLC**

/s/*Eva C. Zelson, Esquire*
Eva C. Zelson, Esquire
Gregg L. Zeff, Esquire
Derek J. Demeri, Esquire
*Attorneys for Plaintiff*

Dated: September 25, 2023

**JURY TRIAL DEMAND**

Demand is hereby made for a trial by jury as to all issues.

**CERTIFICATION**

I hereby certify that to the best of my knowledge and belief the above matter in controversy is not the subject of any other action pending in any court or of a pending arbitration proceeding, nor at the present time any other action or arbitration proceeding contemplated.

**ZEFF LAW FIRM, LLC**

/s/*Eva C. Zelson, Esquire*
Eva C. Zelson, Esquire
Gregg L. Zeff, Esquire
Derek J. Demeri, Esquire
*Attorneys for Plaintiff*

Dated: September 25, 2023

VERIFICATION

I verify that the statements made in the foregoing Complaint are true and correct to the best of my information and belief. I understand that false statements herein are made subject to the penalties of 18 Pa. C.S. Section 4904 relating to unsworn falsification to authorities.

Mironda Presswood

FILED
09-25-2023 04:08 PM
OFFICE OF JUDICIAL SUPPORT
DELAWARE COUNTY, PA